RICHARDSON VS WILLIAMS.

*Of making an administrator a party in a cause.*

1. Where it was alleged in a petition, filed to supersede an execution, that the party in whose name it was issued, had died before the commencement of the suit, upon which the execution was founded,—on appeal to this Court from an inferior Court, on a judgment dismissing the petition, it was held—

1st. That this Court would not, on motion, receive a suggestion of the death of the plaintiff in execution, and make his representative a party.

2. That the record exhibiting no change of parties since the filing of the petition, the plaintiff in error *might* be permitted to assign errors, and have a hearing upon the merits.

The plaintiff in error made a suggestion of the death of the defendant in error to this Court, and moved that his representative be made a party.

The record in the case, purported to be a petition for the supersedeas of an execution, which was dismissed by the Court below, and from which the

plaintiff in error, took an appeal. The ground relied on in the petition, was the allegation, that the party in whose name the execution purported to have issued, had died before the commencement of the suit on which said execution was founded.

GOLDTHWAITE, J.—In this case the plaintiff in error, filed his petition in the Court below, praying a writ of supersedeas to suspend the proceedings on an execution, which had been issued against him at the suit of the defendant in error, who is therein alleged to have died before the commencement of the suit, of which the execution was sought to be susperseded. No party defendant in the Court below, other than the person alleged to be dead, was made, and the petition was dismissed, and the cause is removed to this Court by appeal.

The plaintiff in error, now moves to be permitted to suggest the death of the defendant in error, and to make his administrator a party to this cause.

We are of opinion that this cannot be allowed—the cause shews that no change of parties has intervened since the filing of the petition, nor does it seem to be a case in which any parties can be made here—nor will the Court undertake to decide at this time, that new parties are necessary.

The motion must be denied, but the plaintiff has leave to assign errors, and the questions presented can be examined on their merits.